# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROLAND DERLIEL GRAHAM.**

       Petitioner,

  -vs-                                                                               **Case No. 15-C-333**

**RANDALL R. HEPP,**
Warden, Fox Lake Correctional Institution,

       Respondent.

## DECISION AND ORDER

Pro se Petitioner Roland Derliel Graham ("Graham"), who is in state custody having been convicted of the possession with intent to deliver a controlled substance, tetrahydrocannabinol, as a party to a crime, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, and paid the filing fee. Thus, this matter is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Cases in the District Courts.

Graham's petition raises two grounds: the state courts erroneously applied Fourth Amendment law in affirming the denial of his motion to suppress; and his right to a fair trial was violated with the use of the phrase "the defendants or another" in jury instructions regarding the elements of possession with intent to deliver as party to a crime, and the

judge's response to a question from the jury regarding that phrase.

Graham's Fourth Amendment claim raises an issue under *Stone v. Powell,* 428 U.S. 465, 494 (1976), which bars a federal habeas court from "reaching the merits of a petitioner's Fourth Amendment claim so long as the state court granted him a full and fair hearing on the claim." *Monroe v. Davis*, 712 F.3d 1106, 1112-13 (7th Cir. 2013). However, from Graham's petition, it does not plainly appear that he is not entitled to relief. *See* R. 4 Governing § 2254 Cases Dist. Cts. Therefore, Respondent Randall P. Hepp ("Hepp") will be required to file an answer, motion or other response to the instant petition, which must contain the materials required by Rule 5 of the Rules Governing § 2254 Cases in the District Courts.

Graham also seeks appointment of counsel, indicating that in preparing his papers he was assisted by jail house paralegal Tyrone Davis Smith ("Smith"), Graham is "100% incompetent and unknowledgeable of the law," Smith cannot "represent" him throughout these proceedings, and he has contacted three attorneys regarding representation and has received no response to date.

The Court needs additional information to evaluate Graham's motion for appointment for counsel. He should provide information regarding his abilities to read and write, his highest level of formal

education, whether he completed high school or has a general education development ("GED") certificate, and any classes that he has taken while incarcerated. He should also indicate when he contacted the three attorneys regarding representation. Furthermore, Graham must complete and file a petition and affidavit to proceed without prepayment of fees and/or costs by the stated deadline. A copy of the form is enclosed with Graham's copy of this Decision and Order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before June 10, 2015,** Hepp **MUST FILE** an answer, motion or other response to the instant petition; and

**On or before May 15, 2015,** Graham **MUST FILE** the enclosed petition and affidavit to proceed without prepayment of fees and/or costs.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**